KOLLER LAW LLC  
David M. Koller, Esquire (90119)                            *Attorney for Plaintiff*
2043 Locust Street, Suite 1B  
Philadelphia, PA 19103  
(T) 215-545-8917  
(F) 215-575-0826  

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIAN CHAPMAN**<br>**123 N Oak Avenue**<br>**Clifton Heights, PA 19018**<br>    Plaintiff,<br><br>    v.<br><br>**MERCY HEALTH SYSTEM d/b/a MERCY**<br>**PHILADELPHIA HOSPITAL**<br>**501 S 54th Street**<br>**Philadelphia, PA 19143**<br><br>**One West Elm Street, Suite 100**<br>**Conshohocken, PA 19428**<br>    Defendant. | **Civil Action No.**<br><br><br><br><br><br>**COMPLAINT AND JURY**<br>**DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff, Marian Chapman (hereinafter "Plaintiff"), by and through undersigned counsel, hereby files this complaint against Defendant Mercy Health System d/b/a Mercy Fitzgerald Hospital (hereinafter "Defendant") alleging that her rights pursuant to the Americans With Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA") have been violated and avers:

### PARTIES

1. Plaintiff, Marian Chapman, is an adult domiciled at the above captioned address.

2. Plaintiff initiated this action to recover damages under the ADA, ADEA, and PHRA.

3. Mercy Health System d/b/a Mercy Fitzgerald Hospital is a healthcare provider with a location at 501 S 54th Street, Philadelphia, PA 19143 and a corporate headquarters located at One West Elm Street, Suite 100, Conshohocken, PA 19428.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

13. On October 31, 2016, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2017-00446 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

15. Plaintiff received a Notice of Right to Sue relative to the Charge and that Notice is dated August 7, 2017. She received the notice by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

### PLAINTIFF'S WORK EXPERIENCE WITH DEFENDANT

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. In or around September 1985, Defendant hired Plaintiff as a Staff Nurse.

20. Plaintiff was well qualified for her position and performed well.

21. In or around 1991, Defendant promoted Plaintiff to a Nursing Supervisor.

22. Plaintiff was well qualified for her position and performed well.

23. However in or around 2003, Plaintiff sustained a torn meniscus several times that year and requested a change in position to a part-time Psychiatric Nurse during the night shift.

24. Defendant granted Plaintiff's position change request.

25. Plaintiff's shifts were from 7:30 pm on Saturdays to 8 am on Sundays and 7:30 pm on Sundays to 8 am on Mondays.

26. Plaintiff was well qualified for the position and performed well.

27. Plaintiff also began to suffer from kyphosis during this time, but did not require an accommodation to perform her job duties.

### DEFENDANT SURPRISED PLAINTIFF WITH A FITNESS FOR DUTY TEST

28. On January 18, 2016, Plaintiff received a call from Juniata Jones, Nurse Manager.

29. Ms. Jones instructed Plaintiff to meet her at the conclusion of Plaintiff's shift.

30. Plaintiff did as she was instructed and met with Ms. Jones shortly after her shift concluded at 8 am.

31. Ms. Jones instructed Plaintiff to see Dawn Grosso, Chief Nursing Officer, immediately.

32. Plaintiff followed Ms. Jones' directive and met with Ms. Grosso.

33. At the start of the meeting, Ms. Grosso said to Plaintiff that the meeting had nothing to do with discrimination.

34. Ms. Grosso stated to Plaintiff that she was concerned for Plaintiff's safety working in Defendant's Psychiatric Department.

35. Ms. Grosso asserted that Plaintiff could not defend herself and was too weak to perform CPR.

36. Plaintiff asked Ms. Grosso why this was happening now, as Plaintiff did not have any issues.

37. Mr. Grosso further reasoned that in the event of an emergency, Plaintiff could not walk fast or run, as she stated, "Everyone can see that you have a problem walking."

38. Ms. Grosso informed Plaintiff that she was being taken off of the schedule immediately and that Ms. Grosso had set up a Fitness for Duty Test with Dr. Francine Katz, Occupational Specialist, that day at 9 am.

39. Ms. Grosso gave Plaintiff the choice of reporting to the Fitness for Duty Test and being placed on administrative leave with pay or not reporting to the appointment and being taken off the schedule without pay.

40. Plaintiff chose to attend the Fitness for Duty Test given these two (2) options by Ms. Grosso.

## DEFENDANT CONSPIRED FOR PLAINTIFF TO FAIL THE FITNESS FOR DUTY TEST

41. Ms. Grosso scheduled Plaintiff's Fitness for Duty Test one (1) hour after Plaintiff completed a second 12-hour overnight shift.

42. Plaintiff underwent a two and a half (2.5) hour long Fitness for Duty Test that was excessively strenuous.

43. The inordinate length of Plaintiff's Fitness for Duty Test was designed to make the physical exam as difficult as possible for Plaintiff.

### **DEFENDANT FORCES PLAINTIFF TO GO ON SHORT TERM DISABILITY**

44. On February 4, 2016, Plaintiff was summoned to Defendant and met with Ms. Grosso and Lenna Atkinson, Psychiatric Unit Director.

45. Ms. Grosso informed Plaintiff that she had failed her Fitness for Duty Test and could not return to work.

46. Ms. Grosso reasoned that Plaintiff could not move fast in an emergency and was too weak to perform CPR.

47. Plaintiff never experienced any sort of problem during an emergency and was currently certified in CPR, which she received without issue.

48. Ms. Grosso then gave Plaintiff three (3) options:

    a. Find another position at Defendant;

    b. File a short term disability claim; or

    c. Appeal Dr. Katz's decision.

49. However, Plaintiff was not allowed to apply to certain positions.

50. Furthermore, Ms. Grosso made it clear that Plaintiff would not win the appeal of the Fitness for Duty Test conducted by Dr. Katz.

51. Plaintiff inquired about a severance package, but Ms. Grosso stated to Plaintiff that she was not eligible for severance.

52. The only available option for Plaintiff was to apply for short term disability, which she did.

53. Plaintiff never returned to work thereafter as Defendant did not permit her to.

54. Defendant forced Plaintiff to leave her position for which she was well qualified for and performed well due to her age and disability.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

55. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

56. Plaintiff is disabled under the ADA.

57. Plaintiff has physical impairments that substantially limit major life activities.

58. Plaintiff is a qualified individual.

59. Plaintiff was subject to an adverse employment action – termination.

60. Circumstances indicate that Plaintiff's disabilities was the reason for the adverse employment action.

61. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

62. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

63. The purported reason for Defendant's decision is pretextual.

64. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

65. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

66. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

67. Plaintiff is disabled under the PHRA.

68. Plaintiff has physical impairments that substantially limit major life activities.

69. Plaintiff is a qualified individual.

70. Plaintiff was subject to an adverse employment action – termination.

71. Circumstances indicate that Plaintiff's disabilities was the reason for the adverse employment action.

72. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

73. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

74. The purported reason for Defendant's decision is pretextual.

75. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

76. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

77. The foregoing paragraphs incorporated by reference herein as if the same were set forth

at length.

78. Plaintiff is a member of a protected class in that she was above the age of 40 at all times relevant to the allegations contained in this complaint.

79. Plaintiff suffered an adverse employment action when Defendant terminated her.

80. There was no legitimate non-discriminatory reason for Plaintiff's termination.

81. The asserted reason by Defendant for its decision to terminate Plaintiff is pretextual.

82. Similarly situated employees younger than Plaintiff were treated more favorably by Defendant than Plaintiff was treated.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

83. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

84. Plaintiff is a member of a protected class in that she was above the age of 40 at all times relevant to the allegations contained in this complaint.

85. Plaintiff suffered an adverse employment action when Defendant terminated her.

86. There was no legitimate non discriminatory reason for Plaintiff's termination.

87. The asserted reason by Defendant for its decision to terminate Plaintiff is pretextual.

88. Similarly situated employees younger than Plaintiff were treated more favorably by Defendant than Plaintiff was treated.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Marian Chapman, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, ADEA and the PHRA.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in

controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

Respectfully Submitted,
**KOLLER LAW, LLC**

Date: November 8, 2017     **By:**     /s/ David M. Koller

David M. Koller, Esquire
Attorney ID No. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
*Counsel for Plaintiff*